**UNITED STATES COURT OF INTERNATIONAL TRADE**

|  |  |
|---|---|
| BILLERUD U.S. PRODUCTION HOLDING LLC,<br><br>    *Plaintiff,*<br><br>    v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION; RODNEY S. SCOTT, in his official capacity as Commissioner of U.S. Customs and Border Protection; and THE UNITED STATES<br>    *Defendants*. | Court No. 26-03521 |

**COMPLAINT**

Plaintiff, Billerud U.S. Production Holding LLC, by and through its undersigned attorneys, Schagrin Associates, states as follows:

1.   Plaintiff seeks a judgment from this Court ordering the Defendants to refund certain duties (the "IEEPA duties") collected under the International Emergency Economic Powers Act ("IEEPA") that have been declared unlawful and vacated by the United States Supreme Court. *See Learning Res., Inc. v. Trump*, 146 S. Ct. 628, 224 L. Ed. 2d 51 (2026) (affirming *V.O.S. Selections, Inc. v. United States*, 772 F. Supp. 3d 1350 (Ct. Int'l Trade), *aff'd in part*, *V.O.S. Selections, Inc. v. Trump*, 149 F.4th 1312 (Fed. Cir. 2025)).

**PARTIES**

2.   Plaintiff, Billerud U.S. Production Holding LLC, is a U.S. company, incorporated in Delware and headquartered in Miamisburg, Ohio. Plaintiff acted as importer of record for merchandise that was subject to the IEEPA duties, including imports of various energy efficiency measures such as paper and packaging materials.

3. Defendant U.S. Customs and Border Protection ("CBP") is the U.S. agency responsible for the collection of the IEEPA duties. Defendant Rodney S. Scott is the Commissioner of CBP and is sued in his official capacity. Defendant United States of America received the IEEPA duties and is the statutory defendant under 5 U.S.C. § 702 and 28 U.S.C. § 1581(i)(1)(B).

## JURISDICTION AND STANDING

4. This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1581(i) and 28 U.S.C. § 2631(i) as the challenges "arise{} out of {a} law of the United States providing for…tariffs, duties, fees, or other taxes on the importation of merchandise…." *See Learning Res.*, 146 S. Ct. at 637 n.1; *V.O.S. Selections*, 149 F.4th at 1329.

5. As the IEEPA duties arose from a series of Executive Orders, CBP had no decision making authority in applying the tariffs, but could act only in a purely ministerial capacity. *AGS Co. Auto. Sols. v. U.S. Customs & Border Prot.*, 813 F. Supp. 3d 1298, 1303 (Ct. Int'l Trade 2025). Where CBP makes no protestable decision but only passively applies duties as it is directed, jurisdiction lies under 28 U.S.C. § 1581(i). *United States v. U.S. Shoe Corp.*, 523 U.S. 360, 366, 118 S. Ct. 1290, 1294, 140 L. Ed. 2d 453 (1998).

6. This Court has the same powers as does a United States District Court at law, in equity, and as conferred by statute. 28 U.S.C. § 1585. In a § 1581 action, this Court can enter a money judgment against the United States and order any other appropriate civil relief, including declaratory judgments, injunctions, orders of remand, and writs of mandamus or prohibition. 28 U.S.C. §§ 2643(a)(1), (c)(1).

7. Plaintiff has standing to bring this lawsuit as the importer of record for goods that were subject to the IEEPA duties as implemented and collected by CBP. Plaintiff continues to

suffer injury because entries on which it paid IEEPA Duties have been liquidated or remain subject to liquidation without the refunds to which Plaintiff is entitled. CBP has stated that its position is that refunds for entries that have been liquidated for more than 80 days will only be available with a direct order from this Court. Plaintiff has been thereby adversely affected by the IEEPA duties, and so seeks an order from this Court to redress those injuries.

## TIMELINESS

8.      Actions brought under 28 U.S.C. § 1581(i) must be commenced within two years after the cause of action first accrues. 28 U.S.C. § 2636(i). This action has been commenced within two years of the accrual of Plaintiff's claim and is therefore timely under 28 U.S.C. § 2636(i).

## BACKGROUND

9.      The IEEPA duties arose from a series of Executive Orders issued beginning in February 2025, in which President Trump sought to use tariff measures to address various international and economic issues. The first series of Executive Orders concerned the opioid crisis and were aimed at Canada, Mexico, and China. *See* Executive Order 14193, *Imposing Duties to Address the Flow of Illicit Drugs Across Our Northern Border*, 90 Fed. Reg. 9,113 (Feb. 1, 2025); Executive Order 14194, *Imposing Duties To Address the Situation at Our Southern Border*, 90 Fed. Reg. 9,117 (Feb. 1, 2025); Executive Order 14195, *Imposing Duties to Address the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,121 (Feb. 1, 2025); *see also* Executive Order 14200, *Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 9,277 (Feb. 5, 2025); Executive Order 14228, *Further Amendment to Duties Addressing the Synthetic Opioid Supply Chain in the People's Republic of China*, 90 Fed. Reg. 11,463 (Mar. 3, 2025).

10.    In April 2025, another series of Executive Orders implemented additional tariffs under IEEPA on a much broader basis, imposing "reciprocal" tariffs on a large number of the United States' trading partners, in an attempt to address ongoing trade deficits faced by the United States. *See* Executive Order 14257, *Regulating Imports With a Reciprocal Tariff To Rectify Trade Practices That Contribute to Large and Persistent Annual United States Goods Trade Deficits*, 90 Fed. Reg. 15,041 (Apr. 2, 2025); *see also* Executive Order 14259, *Amendment to Reciprocal Tariffs and Updated Duties As Applied to Low-Value Imports from the People's Republic of China*, 90 Fed. Reg. 15,509 (Apr. 8, 2025); Executive Order 14266, *Modifying Reciprocal Tariff Rates To Reflect Trading-Partner Retaliation and Alignment*, 90 Fed. Reg. 15,625 (Apr. 9, 2025).

11.    Additional Executive Orders issued in July, August, and November 2025 imposed further tariffs on imports from Brazil and India, in response to various concerns with actions by those countries, such as the continued importation of sanctioned Russian oil. *See* Executive Order 14323, *Addressing Threats to the United States by the Government of Brazil*, 90 Fed. Reg. 37,739 (July 30, 2025); Executive Order 14329, *Addressing Threats to the United States by the Government of the Russian Federation*, 90 Fed. Reg. 38,701 (Aug. 6, 2025); *see also* Executive Order 14361, *Modifying the Scope of Tariffs on the Government of Brazil*, 90 Fed. Reg. 54,467 (Nov. 20, 2025).

12.    These various Executive Orders directed CBP to implement new classifications under Chapter 99 of the Harmonized Tariff Schedule of the United States ("HTSUS") to implement the various new tariffs and require that imports subject to the Orders be reported with those new classifications as well.

13. CBP is charged with assessing and collecting duties due on entries into the United States, as well as directing the classification under the HTSUS, which controls the duty rates CBP applies. *See* 19 U.S.C. §§ 1202, 1500, and 1502.

14. Importers, including Plaintiff, were required to deposit estimated duties including duties due under the IEEPA tariff Orders at the time of entry. *See* 19 U.S.C. § 1505(a). Plaintiff has paid all estimated duties owed under the IEEPA tariffs on entries where it served as importer of record so long as the IEEPA tariffs were in effect.

15. Sometime after an entry is made, CBP fixes the "the final appraisement of merchandise," including "the final amount of duty to be paid on such merchandise," and "liquidates" the entry. 19 U.S.C. § 1500. Liquidation occurs within one year, though may be extended. 19 U.S.C. § 1504(a). Typically, liquidation is automatic and occurs by operation of law. *See* 19 C.F.R. § 159.11. Entries on which Plaintiff made estimated IEEPA payments have liquidated or will liquidate within the immediate future.

16. An importer has 180 days to protest liquidation and to seek to have CBP reliquidate the entry, where the liquidation is protestable. *See* 19 U.S.C. § 1514. However, as noted above, where CBP acts in a purely ministerial capacity rather than with some discretion, there is no CBP decision to challenge and liquidation is not protestable. *See Rimco Inc. v. United States*, 98 F.4th 1046, 1053 (Fed. Cir. 2024).

17. This Court has stated in an action challenging the constitutionality of the IEEPA tariff actions that "plaintiffs are not required to file a protest in cases involving constitutional challenges to duties," but rather that "this court has the authority to order reliquidation in cases involving constitutional challenges to duties under 28 U.S.C. § 1581(i)." *AGS Co.*, 813 F. Supp. 3d at 1302-03 (quotation marks omitted). *See also In re Section 301 Cases*, 524 F. Supp. 3d

1355, 1363 (Ct. Int'l Trade 2021) ("we view the statute as providing this Court with the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties"). In *AGS Co.*, this Court also noted the Government's statements that it would not oppose this Court "'ordering reliquidation of plaintiffs' entries subject to the challenged IEEPA duties if such duties are found to be unlawful,'" and the "'refund of all duties determined to be unlawfully assessed, with interest.'" *AGS Co.*, 813 F. Supp. 3d at 1300. The Court there so noted that the Government will be estopped from taking a different position on reliquidation if the tariffs were ultimately held to be unlawful. *Id.*

18.     The United States Supreme Court has now held in a binding determination that the IEEPA statute did not authorize the President to impose tariffs. *Learning Res.*, 146 S. Ct. at 646 ("we hold that IEEPA does not authorize the President to impose tariffs."); *see also V.O.S. Selections*, 149 F.4th at 1340 ("the {Executive} orders are 'invalid as contrary to law.'"). In *Learning Resources*, the Supreme Court held that the type of "extraordinary power to unilaterally impose tariffs of unlimited amount, duration, and scope" the President asserted was granted to the Executive office through the IEEPA statute would require "clear congressional authorization" in that statute for such actions. *Learning Res.*, 146 S. Ct. at 646. Finding that "IEEPA contains no reference to tariffs or duties," the Court held that the Constitution does not allow the Executive to exercise such powers. *Id.*

## COUNT I

### Refund of IEEPA Tariffs Paid

19.     Plaintiff incorporates paragraphs 1 through 18 above by reference.

20.     As this Court has stated, it has "the explicit power to order reliquidation and refunds where the government has unlawfully exacted duties." *In re Section 301 Cases*, 524 F.

Supp. 3d at 1363; *see also AGS Co.*, 813 F. Supp. 3d at 1302 (quoting the same). The Supreme Court has held unequivocally that the President is not authorized under IEEPA to impose tariffs, making the tariffs under the Executive Orders listed in paragraphs 9 through 11 above, which were based solely on the President's purported authority under IEEPA, unlawful and void *ab initio*.

21.     This Court has expressly recognized that "{a}ll importers of record whose entries were subject to IEEPA duties are entitled to the benefit of the *Learning Resources* decision." *Atmus Filtration, Inc. v. United States*, Court No. 26-01259, Amended Order, 2026 WL 679285, ECF No. 33 at *1 (Ct. Int'l Trade Mar. 5, 2026).

22.     For its part, the Government has represented to this Court in other actions by parties seeking refunds of the IEEPA duties paid that it will not oppose reliquidation as ordered by this Court and the refund of all duties so found to be unlawful with interest. *AGS Co.*, 813 F. Supp. 3d at 1300. *See also*, *e.g.*, *Princess Awesome, LLC v. U.S. Customs & Border Prot.*, Court No. 25-00078, Joint Stipulation, ECF No. 17 at ¶ 2 (Ct. Int'l Trade May 28, 2025) (stating the same).

23.     This Court has begun to issue orders in cases seeking refunds of IEEPA duties on entries that fall outside CBP's reliquidation window ordering CBP to issue refunds for such duties. *See, e.g.*, *Princess Awesome, LLC v. U.S. Customs & Border Prot.*, Court No. 25-00078, ECF No. 25 (Ct. Int'l Trade July 15, 2025) (order).

24.     As an importer whose entries were subject to the IEEPA duties, Plaintiff is entitled to the benefit of the Supreme Court's ruling in *Learning Resources* and the Government's representations, including a refund of all IEEPA duties paid on all entries, whether liquidated or unliquidated, with interest.

7

## PRAYER FOR RELIEF

Plaintiff therefore respectfully requests that this Court:

a)  declare that the IEEPA Duties were imposed without statutory authority and are void ab initio as applied to Plaintiff;

b)  lift Administrative Order 25-002 which has stayed all related cases involving plaintiffs seeking refunds of IEEPA duties paid;

c)  order Defendant CBP to reliquidate, without regard to IEEPA duties, any and all of Plaintiff's entries that have been liquidated for more than 80 days, whether by operation of law or by action of CBP, on which Plaintiffs made estimated deposits pursuant to IEEPA, and to refund to Plaintiff all IEEPA duties paid or deposited on such entries with all interest thereon as provided by law;

d)  order Defendant CBP to refund to Plaintiff any IEEPA duties that were paid or deposited on entries that have remained unliquidated with all interest thereon as provided by law;

e)  award Plaintiff its taxable costs and such other relief as may be authorized by law; and

f)  grant such further relief as this Court deems appropriate.

Respectfully submitted,

/s/ Roger B. Schagrin
Roger B. Schagrin
Elizabeth J. Drake
Nicholas J. Birch
**SCHAGRIN ASSOCIATES**
900 7th Street NW, Ste. 500
Washington, DC 20001
Tel: (202) 223-1700
rschagrin@schagrinassociates.com
*Counsel to Billerud U.S. Production Holding*
*LLC*

Dated Aug. 7, 2026

9